## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JAMAR A. SAUNDERS,

      PETITIONER,

v.                                 **ACTION NO. 2:13cv90**

HAROLD W. CLARKE,
**Director, Virginia Department of Corrections,**

      RESPONDENT.

### REPORT AND RECOMMENDATION

Before the Court is Petitioner Jamar Saunders'[1] petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 ("petition"), ECF No. 1, and the Respondent's motion to dismiss, ECF No. 9. The motion to dismiss was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Saunders' claims are procedurally defaulted and time-barred, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF No. 19, be **GRANTED** and Saunders' petition, ECF No. 1, be **DENIED** and **DISMISSED WITH**

---

[1] The petitioner has filed documents in this matter where he spells his last name "Saunder" and "Saunders." *Compare* ECF No. 1, *with* ECF No. 14. Based on a review of the certified state court records from the Circuit Court for the City of Newport News, which were received by this Court on November 5, 2013, it appears to the Court that the correct spelling is "Saunders." *See* ECF No. 11, attach. 1 ("State Court Sentencing Order"). Therefore, the Clerk is **DIRECTED** to change the petitioner's name in the caption of this case to: "Jamar A. Saunders."

**PREJUDICE.**

## I. BACKGROUND

On December 21, 1998, a jury convicted Saunders of first-degree murder, shooting into an occupied dwelling, and use of a firearm in commission of felony in Virginia Circuit Court for the City of Newport News. On February 3, 1999, the trial court imposed a total of thirty-seven (37) years of imprisonment. ECF No. 11, attach. 1. Saunders filed a direct appeal to his conviction, but on June 18, 1999, the Court of Appeals of Virginia denied his petition. ECF No. 11, attach. 2. Subsequently, the Supreme Court of Virginia refused his petition for direct appeal on April 14, 2000, and denied his petition for a rehearing on June 9, 2000.

On June 26, 2000, Saunders filed a petition for a writ of habeas corpus with the Circuit Court of the City of Newport News. On September 5, 2000, the court denied and dismissed the habeas petition. Saunders never appealed this decision to the Supreme Court of Virginia, nor did he directly file a habeas petition with that court. This Court received and conditionally filed Saunders' instant petition pursuant to 28 U.S.C. § 2254 on February 19, 2013. ECF No. 1. In the instant petition, Saunders raises the following claims, generally alleging insufficiency of the evidence to sustain his convictions:

A. "The Commonwealth's [sic] of Virginia, prosecution violated my Fifth and Fourteenth Amendment right of the United States Constitution. The Commonwealth's attorney's own evidence establish[ed] beyond a reasonable doubt, that, petitioner's was not the perpetrator who fired the fatal shot that killed Marshall Kirby on May 26, 1998 at Regency Square Complex apartment in the city of Newport News, Virginia."

B. "Evidence further prove[s] that petitioner didn't shoot into a Occupied Dwelling at Regency Square Complex Apartments on May 26, 1998."

C. "The crime scene investigator collected three (3) bullets which forensic analysis confirm[ed] that the bullets was [sic] fired from a rifle or three separate guns. 'No eye-witnesses positive could described [sic] petitioner, as the assailant, nor did the crime scene investigator located [sic] or collected any weapons.'"

D. Finally, the Commonwealth's attorney's [sic] never establish[ed] proof that petitioner, acted willful, deliberate , premeditated to kill."

ECF No. 1 at 3.

The Virginia Attorney General, on behalf of the Respondent, filed a motion to dismiss the petition, a Rule 5 Answer, a memorandum in support of the motion to dismiss, and a *Roseboro* notice on September 27, 2013. ECF Nos. 9-12. Saunders filed a response in opposition to the Respondent's motion to dismiss on October 24, 2013. ECF No. 13. The Respondent did not file a reply brief and the time to do so has expired. Therefore, the motion to dismiss is ripe for recommended disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion

28 U.S.C. § 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard*

3

*v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105

F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly

present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at

911). In Virginia, that court is the Supreme Court of Virginia. "The burden of proving that a

claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991,

994 (4th Cir. 1994)). It appears Saunders exhausted the present claims, i.e. his claim of

insufficiency of the evidence, when he presented them to the Supreme Court of Virginia on

direct review after he appealed the Court of Appeals dismissal. The Respondent does not contest

that Saunders' claims are exhausted, but instead argues that this Court is barred from reviewing

those claims under the doctrine of procedural default.

### B. Procedural Default

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of

procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court

clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule,

and that procedural rule provides an independent and adequate ground for the dismissal, the

*habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v.

Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly

or consistently applied by the state court' and is independent if it does not rely on a rule of

federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va.

Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v.

Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate

and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the

4

state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The claims in Saunders instant petition are procedurally defaulted because the Court of Appeals of Virginia, and subsequently the Supreme Court of Virginia, relied on an "adequate and independent state-law ground" for the dismissal, and therefore, this Court "may not inquire into whether the state court properly applied its own law." *Id.* In denying Saunders' petition for appeal, the Court of Appeals of Virginia relied on Supreme Court of Virginia Rule 5A:18. That rule states: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." *Id.* Specifically, the appeal was denied because Saunders failed to make a motion to strike the Commonwealth's evidence at the conclusion of its case, and failed to make a motion to set aside the verdict after the jury found him guilty. ECF No. 11, attach. 2. Saunders "did not preserve the question of the sufficiency of the evidence to support the first-degree murder conviction" because he failed to make these requisite motions. *Id.* On this basis alone, the Court of Appeals dismissed Saunders appeal. Similarly, the Supreme Court of Virginia dismissed the petition for appeal under a similar rule: Supreme Court of Virginia Rule 5:25, which states "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Va. Sup. Ct. R. 5:25. This rule is an adequate and independent state court procedural rule because it is firmly established, and regularly and consistently applied by the Supreme Court of Virginia. *See Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999).

While Saunders' claims in the instant petition have been exhausted because he presented

5

them to the Supreme Court of Virginia on direct appeal, the Court would find that the claims in the petition are procedurally defaulted, because the Supreme Court of Virginia relied on an "adequate and independent state-law" procedural rule for the dismissal, and therefore, this Court "may not inquire into whether the state court properly applied its own law." *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)). Accordingly, the Court would recommend that Saunders' petition be dismissed because the claims presented are procedurally defaulted.

Saunders may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris v. Reed*, 489 U.S. 255, 262 (1989)). First, for "cause and prejudice" to excuse Saunders' procedural default, Saunders must "show that some objective factor external . . . impeded [his] efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and that there is actual prejudice from his inability to raise the issue, meaning the errors did not constitute just a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The only possible "external factor" that Saunders' cites for "why it took [him] so long to try and get someone to look at [his] case . . . [is his] organic brain dysfunction with a learning disability . . . ." ECF No. 14. However, mental incompetence generally does not establish cause because it is not external to the defense. *See, e.g., Schneider v. McDaniel*, 674 F.3d 1144, 1153-55 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 579 (2012) (*pro se* petitioner's mental condition cannot constitute cause to overcome procedural default, especially where petitioner is unable to

demonstrate that a mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance). Accordingly, the undersigned would find that Saunders fail to set forth sufficient cause to overcome procedural default. Because Saunders cannot show cause for his procedural default, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding). Therefore, the undersigned would find that Saunders fails to make an adequate showing of cause to excuse procedural default of his claims.

Second, to overcome procedural default by claiming actual innocence, it is not sufficient to merely show that a reasonable doubt exists in light of any new evidence. Rather, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 326 (1995). "To establish the requisite probability . . . the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Wolfe v. Johnson*, 565 F.3d 140, 164 (4th Cir. 2009) (citing *Schlup*, 513 U.S. at 327). "The *Schlup* mandate thus ensures that a gateway actual innocence assertion must be 'truly extraordinary,' and its appropriate application thus provides 'a meaningful avenue by which to avoid a manifest injustice.'" *Id.* ("Under *Schlup*, the evidence necessary for a showing of actual innocence must be 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"). This standard is not easily met. *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

7

Throughout his opposition brief, Saunders summarily asserts that he has "made a proper showing of his innocence." *See, e.g.*, ECF No. 13 at 7. He also sets out the legal standard for the "miscarriage of justice" exception to procedural default. *Id.* at 8. However, he fails to allege any facts to support his conclusory allegations that he is actually innocent, and fails to identify any "new evidence." Rather, Saunders claims that the newly discovered evidence arises "out of the original records of trial transcripts, pointing to another unknown suspect shooter [at the scene of the crime]." *Id.* at 5. This fails to qualify as new evidence "that was not presented at trial."

Moreover, Saunders begins his opposition brief by arguing that the evidence at trial was insufficient to sustain his convictions, and that "the records present clear and convincing evidence beyond a reasonable doubt, that the Commonwealth of Virginia, never established any evidence consistent under the law, to warrant a conviction of first degree murder nor establish[ed] willfully, deliberate, premeditation killing [sic]." *Id.* at 2. Saunders even concedes "the record clearly provide[s] evidence that petitioner[] went to [the scene of the crime] with a hand gun in his possession," but that the remaining evidence in the record was insufficient to sustain a conviction. *Id.* at 3. Saunders might argue that the evidence against him was weak, but that is not the appropriate "miscarriage of justice" standard to overcome procedural default by a showing of actual innocence. Accordingly, Saunders fails to set forth any evidence, or argument, that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Wolfe*, 565 F.3d at 164 (citing *Schlup*, 513 U.S. at 327). The undersigned would find that Anderson's claims are procedurally defaulted and, therefore, recommends that they be dismissed.

8

## C. Statute of Limitations

Additionally, section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). Saunders' conviction became final on September 8, 2000 when Saunders' time to petition the United State Supreme Court for review expired, or ninety days after the Supreme Court of Virginia denied his request for a rehearing on June 9, 2000. *See* S. Ct. R. 13.1. By September 8, 2000, his state habeas petition had already been dismissed by the trial court on September 5, 2000, which he did not appeal. Therefore, Saunders is not entitled to any statutory tolling of the statute of limitations, and he was required to file his federal habeas within one year from September 8, 2000. In other words, it was due by September 8, 2001. By filing this petition in April of 2013, Saunders was close to twelve years outside the statute of limitations period. 28 U.S.C. § 2244(d)(1).

In some instances, specific circumstances warrant equitable tolling of the one-year statute of limitations period. However, to be entitled to equitable tolling of the statute of limitations period, Saunders must demonstrate (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida,* 130 S. Ct. 2549 (2010). The Fourth Circuit has cautioned that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances

9

external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the Petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the Petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Saunders fails to meet this burden.

Throughout his opposition brief, Saunders makes the conclusory assertion that he has "demonstrate[ed] through his due diligence [his entitlement to] equitable tolling of AEDPA's limitation period." ECF No. 13 at 5. The only "fact" alleged in support of such a conclusion was that Saunders' "public defenders counselor [sic] didn't provide any interest properly investigating nor preparing a defense to prove his innocence." *Id.* at 6. It is unclear whether Saunders alleges ineffective assistance of counsel during his underlying trial, or during collateral review proceedings. Regardless, the threadbare allegation is insufficient to justify equitable tolling of the statute of limitations. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also*

*Holland*, 130 S. Ct. at 2564 (finding ordinary negligence by counsel, in and of itself, does not constitute an extraordinary circumstance to justify equitable tolling).

Moreover, Saunders still fails to allege any specific facts that would show he acted diligently in pursuing his claim. *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (finding petitioner's "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice"). To the extent Saunders argues that his status as a pro se petitioner justifies equitable tolling, *see* ECF No. 13 at 6 ("The record reflect[s] petitioner's [sic] has been diligently pursuing on his own as *pro se* litigant the compelling evidence of his innocence [sic]."), this argument also fails and does not warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (finding ignorance of the law and lack of legal experience typically does not excuse an untimely filing, even for a pro se incarcerated petitioner).

Simply put, Saunders gives no reason whatsoever for waiting close to twelve years to seek habeas relief in this Court. He provides no factual support to show that he acted with due diligence, or that there were extraordinary circumstances beyond his control and external to his own conduct the prevented him from filing this petition on time. *Rouse*, 339 F.3d at 246. Under *Holland v. Florida*, Saunders must demonstrate the existence of a "causal connection" between an extraordinary circumstance and the inability to file a timely petition. 130 S. Ct. 2549. Saunders has failed to make such a showing. Accordingly, the undersigned would find that he has not diligently pursued his claim, nor are there any extraordinary circumstances before the Court that would entitle him to equitable tolling. Therefore, the Court would recommend that Anderson's petition be dismissed as time-barred.

### III. RECOMMENDATION

For these reasons, the undersigned would find that Saunders' claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS** the Respondent's motion to dismiss, ECF No. 9, be **GRANTED** and Saunders' petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**. Again, for the reasons stated in footnote one, the Clerk is **DIRECTED** to change the petitioner's name in the caption to: "Jamar A. Saunders."

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the

Petitioner and counsel of record for the Respondent.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February ___13___, 2014

13

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Jamar A. Saunders, #1098694
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Virginia 23890
*Pro Se* Petitioner

Ms. Rosemary Bourne
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent


_____
Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
February 13, 2014

14